E-FILED
Tuesday, 20 July, 2021  02:47:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHARONDA LEE MILLER
          plaintiff

          vs.

Case No. _____

I.D.O.C. DECATUR
WARDEN BUTLER-JONES,
WARDEN GRAY, LT. FREED,
I.A. KIRCHOFF,WENDELL,,
C.O.LONG,C.O. STAPLETON,
C.O. ANDERSON, DYANNA
BEHRENDS, JILL JONES,
NURSE FUSCH,   DR. PSANG
(LOGAN) DIRECTOR JEFFREYS
et al.

SCANNED at Logan CC and E-mailed
7/20/21 by DB 32 pages
Date    Initials  No.

          defendants


COMPLAINT


          PRO SE, 42U.S.C. 1983 BIVENS, STATE DEFENDENTS
          Jury Trial Requested



Plaintiff
Sharonda Lee Miller R84628
P.O.Box 1000
Lincoln, Il. 62656

Defendant # 1 Warden Butler Jones
Job title: Warden
Current work address: Lincoln Correctional Center


Defendant # 2 Lieutenant Patrick Freed
Job title: Lieutenant
Current work address : 2310 E. Mound rd. Decatur, Il. 62524

Defendant # 3 Warden Gray
Job title: Warden
Current work address: Decatur Correctional 2310 E. Mound Rd. 6252

Defendant # 4 Kirchoff
Job title: Internal Affairs , Lieutenant
Current work address: 2310 E.Mound RD. Decatur Il. 62524

Defendant # 5 Wendell
Job title: Intenal Affairs
Current work address: 2310 E Mound Rd. Decatur Il. 62524

Defendant # 6 Long
Job title: correction  officer
Current work address: 2310 E. Mound Rd. Decatur,Il. 62524

Defendant # 7 Anderson
Job title: corrections officer
Current work address: 2310 E. Mound Rd.,Decatur Il. 62524

Defendant # 8 Stapleton
Job title: Corrections officer
Current work address: 2310 E. Mound Rd. Decatur, Il. 62524

Defendant # 9 Dyanna Behrends
Job titile: Adjustment Committee hearing officer
Current work address: 2310 E. Mound Rd. Decatur,Il.62524

Defendant # 10 Jill Jones
Job title: Adjustment Committee Hearing Officer
Current work address: 2310 E. MOUND Rd. Decatur,Il.62524

Defendant # 11 Nurse Fusch
Job title : Nurse
Current work address : 2310 E. Mound Rd, Decatur,Il.62524

Defendant # 12 Dr. Psang
Job title: Doctor  employed by WEXFORD
Current work address : 1096 1350th Lincoln Il.62656

Defendant # 13 Rob Jeffreys
Job title: Director of Prisons
Current work addrss: 1301 Concordia ct. Springfield,IL.62794


Jurisdiction is based on U.S.C. 1331 under the United States
Constitution.

1

## LITIGATION HISTORY

This plaintiff has previously filed a civil compliaint against
Sheryl Thompson in 2011 a previous action against a Warden of
I.D.O.C. and her subordinates for medical deliberate indifference
and neglect.

The defendants received immunity in their individual capacity
and the casse was dismissed. No strikes were taken against this
plaintiff. No appeal was taken in the matter.

The plaintiff was allowed in forma pauperis.

The case was Miller vs. Sheryl Thompson et al. dispostition 2015.
1:12-CV-01231-JES-JAG

## EXHAUSTION OF ADMINISTRATIVE TREMEDIES

This Institution does have a grievance process which the plaintiff
filed a grievnece alleging all the facts in this complaint.

The grievance was dispositioned in this matter, and the process
was completed within the institutions procedures. 42 U.S.C. 1997e
(a).

 Plaintiff grieved to have formal assault charges brought on def
-endant Patrick Freed, and removal of falsified disciplinary
report from plaintiff plaintiff behavior record. Plaintiff was
successful in expungement of disciplinary, yet no formal charges
have been taken against this defendant, nor actions against his
crew whom assisted in this cover-up. PLaintiff also grieved medi
-cal care for injuries and was denied this by defendants.

2

STATEMENT OF CLAIM FOR BIVENS 1983

Date of Occurrence <u>DECEMBER 29,2020</u>

Place of Occurrence <u>DECATUR CORRECTIONAL CENTER DORM A CELL 133</u>

On the above place and time I was repeatedly assaulted by
Decatur Correctional Lieutenant <u>Patrick Freed,</u>without provocation
As I sat in a chair in cell 133 A dorm, speaking with <u>Nurse</u>
<u>Fonville</u> regarding my medical results for covid testing, this
Lt. Freed became beligerent and intrusive, injecting into the
conversation stating for me to "ask my lawyer these questions,
and not to harrass his nurse." I simply told this Lt. Freed
that "I was not talking to him,"and turned my back to  him as my
arm hung over the back of the chair. This Lt. with excessive force
shoved the cell door into me, uprooting me from the chair nearly
toppling me to the floor. As I gathered my footing, I backed away
yet this Lt. Freed entered my cell with clenched fist and asked me
"what do you want to do", in a challenge to fight. I stated, "nothing."
This Lt. Freed ordered me to"cuff up." I removed my jacket and
complied.  This Lt. Freed then ordered me to put on my PPE mask.
I informed him I could not. This Lt. Freed became enraged and
screamed for me to "put on the fucking mask!" I told him I can't
put on the fucking mask in cuffs and this Lt. Freed continued to
yell this order. My <u>cellmate</u> and <u>c.o. Anderson</u> came to assist in
this order , however as soon as the mask was placed on my face
this Lt. Freed yanked the handcuffs and threw me into the sink(hit my head)
and proceeded to sling me into the room, kneed  me in my back
before slinging me into the iron bed and I hit the floor. As I
landed this Lieu continued yelling "put it on" then "get up"
simultaneously as if I could comply with either order while in
handcuffs. this Lt. was enraged. This Lt. took the handcuffs

3

and yanked on them in an attempt to severe my wrist. He then raised
my arms backward in an upright motion which is abnormal in an
position which they are incapable of going overhead. This Lt. stood
over my head and yelled "get up" as he attempted to stand me
up alone as three officers stood idly in the doorway onlooking
the entire time and did  nothing to protect me from this
brutality of this Lt. Freed. c.o. Long, Stapleton, Anderson.
Once this Lt. realized I could not stand he called for assist, to
which Lt. Wilson and Major Snyder came and lifted me from the floor.
This Lt. was deliberately retaliating on me for a previous
grievance written approximately 30 days prior for him placing
me intentionally in a cell with a covid infected inmate although
I had not been tested nor positive for covid and I filed a
grievance to this regard.   This assault was in retaliation.
This Lt. Freed then falsified the incident report to the
facts of this incident of the assault stating I was in an
attempt to assault/threaten him. This allegation was later
upheld by the adjustment hearing committee staff whom with
bias failed to call any of my witnesses to the incident, and
used faulty evidence to find guilt of me in favor of this
Lt. Freed showing solidarity with their superior over
evidence provided at the hearing and prior to the hearing
for  a fair disposition. This deliberate indifference
in the hearing after receiving evidence of a clear violation
of constitutional/civil rights of a prisoner is cruel and
unusual and against the 8th Amendment of the U.S.Constitution.
Committee personnel JIll JONES AND DYANA BEHRENDS played
significant roles in gatekeeping this plaintiff from due
process, enabling this Lt. Freed to assault the plaintiff
falsify his report and add insult to injury, continuing to

4

inflict punishment on this plaintiff with a falsified report. Warden Butler Jones concurred with the dispostion of the report although an emergency grievance was filed on Jan. 4, 2021 from the plaintiff in regards to an assault and a report of assault was made by the plaintiff promptly on the day of Dec. 29, 2020 with Internal Affairs Greenwood alleging staff misconduct. This was deliberate indifference on both Wardens Gray and Butler Jones, as well as Internal Affairs Kirchoff, Wendell and the hearing committee. At no  point was an external investigator called to assess the allegations claimed by this plaintiff, with this plaintiff. This plaintiff deligently requested a polygraph/ stress analysis test for herself and all witnesses involved to help prove she was victimized on this day without provocation. However , Decatur staff worked deligently against this plaintiff in every way possible to cover up the facts of misconduct by not only this rogue Lt. Freed, But the staff whom failed to protect this plaintiff, the adjustment committee who fail  to give the plaintiff due process at ther hearing,  the Doctor Psang in Logan Correctional whom still refuses to provide this plaintiff adequate healthcare as the plaintiff has complained of shoulder(s) stiffen numbing, and pain, and requesting an MRI, for the right shoulder. Also for outside disposoition of injuries  of left shoulder from previous MRI/deprivation of previous pain medication which actually worked (Tremodol). The Director of Prisons Jeffreys concurred with his office to expunge the incident report written by this Lt. Freed which was found to be unfound in facts to substantiate guilt of this plaintiff. However, the Directors office could not find that Lt. Freed committed misconduct on this day in question. Nurse Fusch reported she found no swelling or discomfort with my limbs yet I was given a sling, ice order and medication, with a no cuff order from her recommendations.

5

This plaintiff was continuously punished by excessively sentenced to 28 days in segregatin, restricted from telephone usage, commissary , video visits, and emails in the height of Decatur Corr. pandemic with the coronavirus. This plaintiff was disciplinary transfered and subjected to scrutiny during critical litigating of this petitioners character to the Illinois Prisoner Review Board for clemency petition. These falsified accusations along with the assault of this officer in this lack of humanity or professionalism from the staff members involved shows the systemic dynamics that continue to plague this country.

This plaintiff wishes this Court to protect her from all forms of retaliation as well.

Relief Requested;

1). Plaintiff would like this Court to allow her to file  formal
   formal charges against the defendant Lt.Patrick Freed.

2). Plaintiff would like this Court to find deliberate indifference
   of the staff involved and removed those liable from their
    duties in corrections.

3). I would like this court to create injuntive relief of a
   corrective process that allows prisoners access to the
   police precints to file formal charges in cases of brutality
   against officers or officials without gatekeepers and the
   administrative procedures which henders this due diligence.

4). I  would like this court to order I.D.O.C. healthcare admin-
   istrators to provide me with an MRI for my right shoulder
   as well as provide me  with effective medication previously
   prescribed to me (tremadol) for pain and discomfort as well
   as a restriction of top bunk order. due to injury.

5). I would like  this court to award me $1,000,000.00 in damages
   for mental anguish, psychological and physcical damages as

   well as emotional damage.


T    I WOULD LIKE A JURY TRIAL.
    Signed: *Sharonda Miller*  this 20th day of July 2021.

    Name:  Sharonda Miller
    I.D.#  R84628
    address  P.O.Box 1000
         1096 1350th
         Lincoln, Gl.62656

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCDURE 11

    I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed: _July 20, 2021_
        DATE

Signature: _Sharonda Miller_

Printed Name: _Sharonda Miller_

Address: _P. O. Box 1000  Lincoln IL 62656_

Prison No. _R84628_

APPEAL

*Decatur*

Assigned Grievance #/Identifier: #1853

Housing Unit: NO 4          Bed # 138

ENTERED 12-16-21

1st Lvl rec: 12-16-21   #1853

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

| Date: November 30, 2020 | Offender (please print): Miller, Sharonda | ID #: R84628 | Race (optional): |
|---|---|---|---|
| Present Facility: Decatur | | Facility where grievance issue occurred: Decatur | |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____  Facility where issued _____

**RECEIVED**
**FEB 19 2021**
**ADMINISTRATIVE**
**REVIEW BOARD**

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 11-23-2020, Decatur's Security, one Lt. Freed, KNOWINGLY AND INTENTIONALLY forced me to live in cell F119 with an offender positive of COVID-19. (Rachael Reese visited 11-22-2020, results 11-23-2020 of positive) I refused several times this placement. Due to my medical history which according to the CDC makes me immuno-compromised and more subjected to severely suffer from this deadly virus. Lt. Freed called Lt. Parks whom came to assist with this

[x] Continued on reverse

**Relief Requested:**

Reprimand.

Do not force placement of detrimental living conditions. Administrative common sense & sound logic placement of all offenders.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

| Sharonda L. Miller | R84628 | 11-30-2020 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: 12-16-2   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

I was informed that staff conduct issue will be handled accordingly and that all staff shall follow Covid-19 guidelines to ensure the safety of all staff and offenders.

| S. Walker | [signature] | 12-89-2 |
|---|---|---|
| Print Counselor's Name | Sign Counselor's Name | Date |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

[x] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

| M. Butler Jones | 12-22-2020 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender          Page 1 of 2          DOC 0046 (Rev. 01/2020)

refusal. Lt. Parks explained there was no where else to place me. I had to live on the "F" unit until my results came back for the covid-test performed on me 11-23 2020. Lt. Parks spoke with Lt. Freed Openly who told her and myself I would only be assigned to live with my current cellmates as we were all being tested simultaneously, and would be kept away from others on the "F-unit," whom had tested positive. With this information, I complied and went on the "F-unit." Upon Arrival C.O. Harder escorted me to my cell F119 which was occupied with aforementioned Rachael Reese.

Reese's physical condition was visibly sickened by signs of redness, congestion, fatigue. She immediately asked me to get help from the C.O. Harder because she was dizzy and nauseous, which I did. Reese told me she was covid 19 positive and if I was not please leave the room. I fled and told C.O. Harder this revelation. C.O. Harder called Nurse Oats and another nurse (J.W) who attended to Reese's medical emergency.

As this happened I told C.O. Harder I refuse to live with Reese due to having an itchy throat; normal for me yearly and not receiving test results, I could be jeopardized. She, C.O. Harder called Lt. Freed whom assured me I would not be placed with anyone outside my current cell mates Hester-Kelly, Jones, Crutchfield, and myself.

After conversing with Lt. Freed, C.O. Harder said, he said "you have to live in there and that's a direct order or an incident/ disciplinary would be written."

I continuously refused! Sgt. Lock was called to assist in my refusal and reiterated Lt. Freed's order. Offender Reese told C.O. Harder she was told by Nurse Oats she had Covid.

Nurse Oats exited cell F119 with the other nurse and exclaimed "Reese has anxiety." She was asked by C.O. Harder of Reese's condition and her response was Anxiety, but that I had a fever. Which before, during, or after this ordeal I have not had a fever, and my covid-test was negative, yet from 11-23-2020 to 11-24-2020 I was threatened, punishment & ordered by Lt. Freed, as well as tricked to live with a person visibly and admittingly positive for covid 19 which intentionally jeopardize my safety.

Karen Crutchfield was also placed in this cell F119 with me.

I got little to no sleep, slept in PPE mask hat & gloves, was famished most of the night and held my urine excessively as to not have to go in pass the other person's area to get infected on the way to the restroom.

11-24-2020 I was removed to yet another unit which housed only 2 people. (H 138). H.U. D "Delta" was also unoccupied.

A testing for covid person, could have resided isolated upon results elsewhere, vs'. in cells with positively tested covid inmates, which if not positive puts us in direct contact of catching covid, risking our health and safety.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Type of Report:
☒ Disciplinary ☐ Investigative

Facility: _Decatur C. C._ Date: _12/29/2020_

Offender Name: _Miller, Sharonda_ ID #: _R87628_ SMI: ☐ yes ☒ no Race: _____

Observation Date: _12/29/2020_ Approximate Time: _8:00_ ☒ a.m. ☐ p.m. Location: _A wing Cell 133_

**Offense(s) DR 504:** _102 b - Assault, 206 Intimidation or Threats_
_205 Disobeying a direct order essential to safety and security_

**Observation:** (NOTE: Each offense identified above must be substantiated.)

On the above date and approx. time this Lt. was escorting nurse Howitte on A Wing for morning med line. During this time contractors for the Covid testing were testing inmates on the Unit. While the nurse was at Cell A 133 Inmate Miller, Sharonda R87628 Lbd Stating she was negative on her last Covid test. The nurse explained to I/M Miller that she would not receive any notice if her test was negative. I/M Miller stated she would be contacting her attorney to sue this place and DOC. This Lt. informed I/M Miller to calm down and stop harassing the nurse. I/M Miller yelling stated, "I'm not talking to you". Then slammed the cell door attempting to hit this Lt. 1 of 2cc

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Lt. Patrick Feero | 6796 | | 12/29/2020 | 11:50 | ☒ a.m. ☐ p.m. |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

Shift Review: ☐ Temporary Confinement ☐ Investigative Status Reasons: _____

_____ _____ _____
Printed Name and Badge # | Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) | Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment: _____

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction,** submitted to Program Unit

_____ _____ _____
Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____ _____ _____
Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_____ _____
Offender's Signature | ID#

| C. Jones | 12373 | |
| Serving Employee (Print Name) | Badge # | Signature |

| 12-30-20 | 2:10 | ☐ a.m. ☒ p.m. |
| Date Served | Time Served | |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____ _____
Offender's Signature | ID#

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

Facility: _Decatur C C_

☒ Disciplinary Report   ☐ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date: _12/29/2020_          Incident # (If applicable): _____

**Offender Information:**

Offender Name: _Miller, Sharonda_          ID #: _K84628_

Use the space below to provide any additional information.

_This Lt. stopped the door with my hand before it could hit me causing it to open but hit the cell. When the door just had into the cell it pushed around the bed of a chair that Im Miller this item on. Im Miller jumped to her bed yelling "I'm gonna beat you ass" as she going taking off her jacket while squaring up on the Lt. as if she was about to physically harm me. This Lt. yelled to Im Miller to stop and that about what she was doing. Im Miller stepped toward this Lt with her hands raised in a threating manner as if she was going to physically harm this Lt. This Lt. took a step back and Im Miller quickly turned chasing her hands come this Lt. but this Lt. placed cuffs on Im Miller to secure her hands. Once the cuffs was on Im Miller Lt started pulling away and telling the Lt "bitch you wait. You're to pull this Lt. down you'll see what this Im Miller doing to me I'm gonna get you." This item is disobeying Im Miller continued to be combative causing this Lt. to forcefully gain control. This Lt had failed order Im Miller to get on the ground on tables of gaining control over Im Miller. This Lt. them as minimal force possible placed my right knee behind Im Miller's knee causing it to bend so that this Lt could get her too the ground. Once Im Miller was seated on the ground and this Lt. was somewhat in control of Im Miller this Lt. called to Lt Finken over the radio to help secure Im Miller. Lt. Finken arrived on scene and escorted Im Miller to the Health Care that Lt. placed to this incident. Major T Snyder, the 7a 3p shift supervisor was informed of this incident. END of report_

Distribution: Master File, Offender          Printed on Recycled Paper          DOC 0318 (Rev. 1/2019)
(Replaces DC 7212)

Assigned Grievance #/Institution: _____    Housing Unit _Sf-6_   Unit # ___

1st Lvl rec. _____

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

2nd Lvl rec. _____

| Date: _1 2 2021_ | Offender (please print): _Miller Sharonda_ | ID #: _R89677_ | Race (optional): |
|---|---|---|---|
| Present Facility: _Decatur_ | | Facility where grievance issue occurred: _Decatur_ | |

**Nature of grievance:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify): _____
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____   Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

JAN 1 6 2021

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 12-29-2020 at approximately 8:10 AM, on H.U. A 133 cell, I was repeatedly assaulted by Lt. Patrick Freed. No provocation nor warning took place before this Lt. attacked me. (Camera footage. C/O Linz, C/O Arebin, and C/O Stephens were present towards the end of this excessive force attack and La Hey, Ald Then Cellmates Amber Ross, Molly Hester-Kelli and Tisha was were present for the entire incident which took place inside the cell. Polygraphs of myself as well as witnesses and the accused should be afforded as well.

☑ Continued on reverse

**Relief Requested:**

Protective Custody of Lt. Freed able to fear of harm
Criminal charges filed against Lt. Freed
Lt. Freed be removed from I.D.O.C.
Polygraphs
Metal handcuffs by hand for inside prison purposes, not zipties

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

_Sharonda Miller_ _____   _R89677_   _1.2.2021_
Offender's Signature          ID#         Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____

_____   _____   _____
Print Counselor's Name        Sign Counselor's Name      Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

---

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature:

[ ] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____   _____
Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

During medline I asked nurse "Freville" (Emi) if I could get a written copy of my covid results from M.U. or the Health Dept. She stated "if im negative all results will be given." I told nurse "Freville" (Emi) I needed mine in writing due to ongoing litigation and would my attorney be able to request it." This nurse stated "Yes, my attorney could do a medical release for it."M.U.I was sitting in my cell doorway in a chair, but facing opposite (back of the chair) with my left arm hanging over the back of the chair, standing mug in my right hand. After the nurse passed on, Lt. Freed whom was making snide remarks during our conversation such as "your hungry" (you dont need to ask her nothing then knock your hunger, get it quit harassing "the nurse, She has better things to do," continued to rant about me "harassing" the nurse. I told this Lt. I wasn't bothering her she answered my questions about my records & could speak for herself. Lt. Freed continued to rant I was bothering her. I told this Lt. Freed "I wasn't talking to you, she straddnt answer for the nurse "As I started this. I turned around in the chair leaving my arm rested on the back of the chair (left arm) coffee still in my right hand, I sunck my head in disregard of this Lt. in an attempt to ignore his further comments my cellmate Ross was in the doorway between Freed & I as he was standing in the hallway throughout this ordeal. Suddenly and aggressively the cell door was either kicked or shoved into my arms and the chair causing the chair to nearly topple throwing my arm backwards, as I leaped to my feet to keep from falling I yelled "You just assaulted me," as I backed towards the opposite side of the cell. Lt. Freed charged into the cell stating "what you wanna do then", in a fighting stance. I stated "you assaulting people now?" All awhile he's backing away from him. Lt. Freed stated "cuff up" I removed my jacket and placed my arms behind my back w/o delay. Lt. Freed aggressively handcuffed me then begun to jank on the cuffs while escorting me out the cell. Instantaneously he noticed "I was not wearing my mask (PPE) and yelled "put on your mask," I stated "I cant" as he held me from behind, he yanked on the cuffs using them as a mechanism of punishment and yelled "I said put on your fucking mask," I repeated, "I cant im cuffed" C/o Anderson came and as she was pointing on my mask Lt. Freed continued to demand "i fucking put it on" I yelled "How the fuck can I when im cuffed & you holding my arms?" Lt. Freed threw me backwards like "the cell using the cuffs to slamming me into the sink then to the floor. Lt. Freed kneed me in my back on the way to the floor, then once on the floor he yelled "get down," then "get up" simultaneously awhile yanking the metal cuffs against my wrist excessively in an all out assault and battery on me. This Lt. Freed then called for assistance which Lt. Wilson and Major Snyder came and both lifted me from the floor by my arms. This Lt. Freed assaulted me inside this cell in such a rage. He was giving me orders I could not possibly comply to which further enraged him. The C/o's standing on looking did not assist this Lt. Freed in this assault, yet they did not stop him either neither entered my cell to intervene. I hit my head, and my arms/wrist were so swollen I was taking to the ER for X-ray and given a sling ice pks. And 2Brown.

All policies and procedures were disregarded by this Lt. Freed. He was out of control and violent

Assigned Grievance Institution: _Decatur_   Housing Unit _G_   Cell # _N-4_

**ILLINOIS DEPARTMENT OF CORRECTIONS**
Ret by/rec _____   **Offender's Grievance**   rec'd off/dev _____

| | | | |
|---|---|---|---|
| Date: 3-14-21 | Offender (please print): Sharonda Miller | ID #: R84028 | Race (optional): Blk |
| Present Facility: Logan Correctional | | Facility where grievance issue occurred: Decatur Correctional | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report   12-29-2020   Date of report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

_In Accordance to Il ADM Code 504.870qy4_
_Decatur C.C._
Facility where issued

**Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.**

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":**

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer**, only if EMERGENCY grievance
**Mail to Administrative Review Board**, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

To date, No Adjustment Committee Summary has been received or "served" to this offender, for incident 202001369/1-DCT. However a service date of 1/28/21 at 9:00 a.m. was reported by Decatur Employee Scarlet Danson. On the above date/time offender was in Logan C.C. and No Decatur or Logan employee "served" a summary of incident upon offender. Offender has requested copy of summary with Adj. Committee in Logan C.C. specifically Lt. Harvey. Yet No efforts have been made. A verbal reading of disposition of report was given

☑ Continued on reverse

**Relief Requested:**

Remove use of handcuffs inside facility, use Zip-ties.
Create Rule for staff's entrance into cell's alone with offenders be ban.
Adjustment Committee Personell should be outside facility personell due to bias and fear of each other to properly disposition report's →

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [x] Check if this is NOT an emergency grievance.

_Sharonda Miller_   R84028   3/14/21
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**   Date Received: _____   [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____
_____
_____
_____
_____
_____
_____

Print Counselor's Name   Sign Counselor's Name   Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____   _____
Chief Administrative Officer's Signature   Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

to offender from Counselor Pierce, In violation of DR 504.80 (P) No Summary has been "given" or "served" to offender. An incomplete (No signatures) copy for hearing was afforded offender for redress, and is attached as Exhibit A for authentification, and evidence.

Secondly, Adjustment Hearing Officer Jill Jones has admitted to bias when given offenders incident reports stating "She is afraid to disposition incident reports in favor of inmates due to fear of losing her job because of the systemic racism against staff as well. This statement was directly reported to Chief Adm. Warden Butler-Jones by this offender in July 2020 during a in person meeting. Jill Jones was allowed to preside continuously over offenders hearings including the incident in question. Offender Miller provided Hearing Officer Behrends prior to hearing of the bias of Jill Jones and requested a fair hearing with other Hearing Officers. This was disregarded. Third, the disposition of the incident report lacks evidence for it's finding of Guilt on the defendant, violating DR 20 1L Adm. Code 504.80 (F) 1) Relevant Statement in her defense. 2) Request of Witnesses in a timely manner.

The offender Requested cellmates Molly Hester, Kelly, Trisha, Jones, and Amber Ross be called to corroborate her testimony of being assaulted by Lt. Freed and Not threatening or disobeying his orders. However, in the Summary Not once does this Committee state they contacted or denied witnesses in accordance to 504.80(i)(4)+ (5). Exhibit B attached is a letter from request of inmate to Adjustment Committee Personell Scarlet Dawson, responding that their office received and delivered witnesses to the Adj. Committee prior to my hearing. Without interviewing offenders witnesses this Committee denied the offender a fair hearing under the rules for evidence 504.80 (K) 1-3.

The Adjusment Committee relied on contradictory statements from an unknown witness whom states an eyewitness account of this incident that does not coincide with the incident written by Lt. Freed. Specifically Lt. Freed states, this offender took off her jacket in attempt to threaten this Lieutenant. Yet, the witnesses account states the offender took off her shirt. A jacket is maroon in color and worn by placing arms into long sleeves. A Shirt is white in color and is worn by placing over the head of a person. Also, Lt. Freeds admission is that this offender stated "I'm gonna beat your ass" The witnesses account states the offender states "we're going to do this." These Statements provide No validity to the incident being both are contradictory of the other. Lastly the Adj. Committee based it's decision on Camera footage that "showed" Lt. Freed Open the door with his arm." Yet, Lt. Freed reported he caught a door that was slammed in attempt to hit him.

Invalidity of Report As written: Exhibit C attached is the incident report "served" upon offender. The description of this incident itself is questionable and it's claim(s) should shock the conscious of the entire correctional department.
① Lt. Freed reported this offender attempted to hit him with the cell door. However cell 133 wing A in Decatur does not swing outward; ____ (continued on another attached grievance # →)

Assigned Grievance #/Institution: _____

Housing Unit __9__   Hcl # __N-4__

1st Entree: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Entree: _____

Date: 3·14·21   Offender (please print): Miller, Sharonda   ID #: R84628   Race (optional): BLK

Present Facility: LOGAN   Facility where grievance issue occurred: DECATUR

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

12-29-20   Continued from Pg 1 and 2
Date of report   Decatur   Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

→ Cell 133 on A wing swings inwardly. Lt. Freed would have had to be standing inside cell or it's doorway, to be in danger of door hitting him. At worst case scenerio the door would have shut in this Lt's "face," if "slammed at all." This reportee states he caught the door beforehand causing it to "rubbed into the back. of the chair this offender was sitting in." In REALTIME, it's
* impossible to slam a door and make it to sit in a chair facing

[x] Continued on reverse

**Relief Requested:**

Review, Investigate, EXPUNGE incident report for threat and disobeying order of Lt. Freed

File formal assault charges against this staff, Lt. Freed. Remove both Jill Jones and Dyana Kelber-Behrends from Adj committee hearings, properly train Adj. committee personell.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[x] Check if this is NOT an emergency grievance.

Sharonda Miller   R84628   3/14/21
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____

_____

Print Counselor's Name   Sign Counselor's Name   Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

_____
Chief Administrative Officer's Signature   Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

opposite of this Lieutenant, as he catches it before it hits
him. The notion these things happened in the same instance is
Not only questionable, but impossible. [TRY IT.]
② The reporting Lt. Freed claims this offender threatened to
"beat his ass," squared off, but he was able to talk this
officer down saying "stop and think about what you're doing,"
then the offender succumb (without an order to turn around
free willed and placeher arms behind her back and then
was handcuffed. Only after handcuffed "volunteerly," to
Start pulling away and thrusting her body. This claim Not only
sounds questionable in contrast of the incident, but absurd.
Common Sense and sound logic need not be pushed aside
when reviewing incident reports.
x At No point did this "fearful" Lieutenant, call for back up,
use pepper spray, Nor order offender to handcuff while
he was OFF camera inside the cell with this offender.
③ The reporting officer claims he gave offender whom was
Now handcuffed whom he couldn't control, orders to sit
on the ground, and then used his right knee to forcefully
make the offender sit so he could gain control. At this point
there was (3) officers on the scene of the incident. None
felt the need to help this superior officer contain the
offender whom was reportedly causing this Lt. to "struggle?"
Somehow, this Lt. Freed, failed to include these C.O.'s as
witnesses on the incident report, yet these officers wrote
incident reports which the Adj. committee claims to have
read and used to find guilt of the offender. [Offender Not provided copy]
An already handcuffed offender is restrained and a resort to
force is a last resort when other means are unavailable.
DR501.30. Handcuffs were used (DR501.110) 3 officers present.
This entire incident report written was an attempt on this Lt. Freeds
part to deflect from his staff misconduct of assault on
this offender this day.
The excessiveness of punishment for the report and it's
invalidity shows the bias decision of this Hearing Committee.
The offender has been incarcerated 19 years, Not one threat
to an offender or staff, Nor any assaults. The finding
of progressive behavior is invalid.
Camera footage will show Lt. Freed pulled offender back into
cell after C/O Anderson placed Mask on offender. Lt. Freed did
Not place knee behind offenders knee, We would've fell forward in
hallway ON camera, not backwards into cell. AD 03.02.108,
Lt. Freed provided false information in his incident report,
and his conduct was "corporal punishment" upon this offender
as reported and grieved by offender. Attached grievance. EXHIBIT
Due to the inconsistancy of statement of incident report, and Noncoop-
erating statement from "witness" this incident report fails to meet
Adm.20 -C1 504.80 on any level and should not only be expunged,
but investigated for claims made by offender [Liller] in regards
to bias committee, as well as falsifying incident report by Lt. Freed.

Assigned Grievance # notification _____   Housing Unit F   Box #: 139

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Level ___   2nd Level ___

| Date: 12-29-20 | Offender (please print): Hester-Kelly, Mollie | ID #: Y16366 | Race (optional): |
|---|---|---|---|
| Present Facility: Decatur CC | | Facility where grievance issue occurred: Decatur CC | |

**Nature of grievance:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☐ Other (specify): ___
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

Date of report _____   Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Around 8:20am med-line came to my room I took my meds. My roommate inmate Miller asked the nurse about (cvid) test results from the 23rd "she said if you didn't already get moved your negative" Miller asked and so did I how to get a copy of our test results Nurse "I don't think you can get a copy" miller then said "should have my lawyer get it?" Nurse said "yes" as the nurse walked off Officer Freed repeated in not the

☑ Continued on reverse

**Relief Requested:**

Mr. Freed- Repremand Fried hes behavior wasn't exceptable.

- ☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- ☐ Check if this is NOT an emergency grievance.

Offender's Signature ___   ID# Y-16366   Date 12-29-20

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: _____   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

Print Counselor's Name _____   Sign Counselor's Name _____   Date _____

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

- ☐ Yes, expedite emergency grievance
- ☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____   Date _____

Nurse said w/ an attitude towards Miller. She said
"I was asking her She answered I wasn't talking to you."
Miller turned her back to him to continue talking to the
Freed Very Aggresively flung the door so that the door
Smacked Loudly against the wall also hitting millers
arm when she frightfully got up Set freed then cuffed
her yelling put on your mask. put mask, forcefully
pushing her and try to drag her (her hands are cuffed)
how could he expect her to put a mask on?)
He then has put his hands in her face she kept
pulling her face away of course she doesn't want the
man that assaulted her putting his fingers on her face
He over reacted. And caused physical harm for no
other reason then him wanting to have the
last word. MHK

IllIbIoIS
Department of
**Corrections**

Governor

Rob Jeffreys
Acting Director

Decatur Correctional Center / 2310 E. Mound Road / P.O. Box 3066 / Decatur, IL 62524-3066 / Telephone: (217) 877-0353 / TDD: (800) 526-0844

# M E M O R A N D U M

DATE: 1-25-21
TO: Hester-Kelly          $A$ wing
FROM:  M. Bailey, Lead Grievance Officer
SUBJECT:  Your Grievance

The attached is being returned for the reason(s) listed below.

_____ Need your signature, IDOC number and date.

_____ Use proper Committed Person's Grievance Report Form (DC 0046)

_____ Provide date(s) of disciplinary report(s)—you're ticket dates does not match to the ticket database.

_____ Disciplinary Report has not been finalized-resubmit grievance after this disciplinary report has been finalized.

_____ Forward grievance direct to the Administrative Review Board: only if the issue involves protective custody, enforced medication, issues from another facility except medical and personal property issues, issues not resolved by the Chief Administrative Officer

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.  A grievance must be submitted within 60 days of the incident the inmate is grieving.

_____ Unable to determine nature of grievance-don't understand what you have written

_____ Need to complete the "Relief Requested" section

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

___X___ Issue has been *previously addressed*, no justification for further consideration.

_____ Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.)

_____ Address concerns to Illinois Prisoner Review Board, 319 East Madison St. Suite A, Springfield, Illinois 62706(executive clemency, parole violation issues, etc.).

_____ If you want to appeal this grievance, write appeal on top and send back to clinical services

_____ EDSC is not grievable as the award is a discretionary administrative decision

→ You can only write a grievance for yourself. Ms. Miller has written her own grievance. You may take these concerns to I. A. if you haven't already.

STATE OF ILLINOIS )
)
COUNTY OF MACON )

**AFFIDAVIT**

I, Mollie Hester-Kelly _____, do hereby declare and affirm that the following
information within this affidavit is true and correct in substance and in facts.

At 8:20am on December 29th I was in my room with Sharanda
Miller waiting for med-line. After I took my meds inmate Miller
asked the nurse about getting proof of her covid-19 test results
the nurse said "if they didn't tell you already they are negative." Miller
asked for documented proof of her results. the nurse said she couldn't
get that. Miller then said "should I have my lawyer" the Nurse said "yes".
As the nurse walked away Then Officer Freed said "Yeah have your
lawyer do it." with an attitude. Miller said "I wasn't asking you"
Miller turned around to continue talking to me. about covid
& our door started to slowly close Freed flung the door open, hit
inmate Millers arm and smack the wall. Then freed told
her to cuff up and she did then he started yelling put your
mask on (but her hands were cuffed) he pushed her down to the
ground still yelling about the mask, then other C.O's Stapleton,
Long, Willson, Butler, & Anderson were at the door or/and in the

Pursuant to 28 UCS 1746, 18 USC 1621, or 735 ILCS 5/1-109, I declare under penalty of perjury
that I am the named party, that I have read the above statement, and that the information
contained therein is true and accurate to the best of my knowledge and belief. I do declare and
affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the
foregoing matter is taken in good faith.

Signed on this 19 day of March, 20 21.                    Continued

_Mollie Hester-Kelly_
Affiant

OFFICIAL SEAL
DEBBIE ROSS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-02-2023

_Debbie Ross_

room Anderson and Freeds both are trying to put their hand in her face she kept turning her face away. I said "just let me put her mask on she doesn't want your hands around her mouth". I put her mask on and then they walked her out.

Since that day Freed has tried to joke with me about him having to beat her up and he thought she was going to win. I told him to please not talk to me I was there and there was nothing funny about him assaulting her. He then threakned to write me tickets for refusing to talk to him. He only threatened it he didn't write it. They also waited over a month to question us and I grieved the assault and they said I could grieve it.

recently C.O Stapelton told me he never had a problem with Miller she'd always respected him thats why he didn't get involved.

3/19/20
Date

OFFICIAL SEAL
DEBBIE ROSS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-02-2023

Mollee M Koster Kelly
Signature

Debbie Ross

Page 1

**STATE OF ILLINOIS** )
)
**COUNTY OF MACON** )

## AFFIDAVIT

I, Amber Ross _____, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

On 12-29-20 @ approximately 8:20 A.M. my roomate Sharonda Miller was sitting in a chair in our room with the door open. The nurse was coming around passing out meds and when she got to our room (A133), Sharonda Miller tried asking the nurse a question about the Covid and Lt. Freed, who was escorting the nurse, snapped at Sharonda Miller and told her "you don't need to ask her anything. You have a lawyer. Ask your Lawyer!" After about 15-30 seconds of banter back & forth, Miller told Lt. Freed she was done arguing with him. Lt. Freed was still trying to argue with her when, while still seated in the chair, Sharonda Miller touched the door so it slowly started to swing shut. (our door doesn't have door stoppes on it so it swings very freely) Before the even closed, Lt. Freed became so enraged that he shoved the door open with such

Pursuant to 28 UCS 1746, 18 USC 1621, or 735 ILCS 5/1-109, I declare under penalty of perjury that I am the named party, that I have read the above statement, and that the information contained therein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 12th day of March, 20 21.

_____
Affiant

Page 1

STATE OF ILLINOIS )
)
COUNTY OF MACON )

### AFFIDAVIT

I, Amber Ross, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

force that it smacked Sharonda Miller so hard in the arm that it made a loud smacking noise that reverberated throughout the entire unit (All of this was caught on camera). Sharonda Miller was still seated in the chair. Sharonda Miller became very upset after being assaulted by Lt. Freed and started yelling at him. That's when Freed stormed into the room and told her to "cuff up." Miller didn't understand why she was being told to "cuff up" because she was the one who was assaulted. She eventually complied and Lt. Freed forced her to the ground and flipped her on her stomach even though she complied. While she was cuffed, he flung her around forcefully causing her to hit her arm and her head on the chair. He was screaming at her to put her mask on but her hands were cuffed behind her back. A few months later, a state investigator came and interviewed me. → other side

Pursuant to 28 UCS 1746, 18 USC 1621, or 735 ILCS 5/1-109, I declare under penalty of perjury that I am the named party, that I have read the above statement, and that the information contained therein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 12th day of March, 2021.

_____
Affiant

State of Illinois                    County of Sangamon
Signed and attested before me on
March 12th 2021 (date)
by Amber Ross
(Name of person who signed above)

Debbie Ross
(Signature of Notary)

OFFICIAL SEAL
DEBBIE ROSS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-02-2023

Page 2

I already had prepared for them, identical to my affidavit.



JB Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

March 11, 2021

Ms. Sharonda Miller – R84628
Logan Correctional Center
P.O. Box 1000
Lincoln, IL  62656

Dear Ms. Miller:

I have received your second letter referencing your assault which you indicated occurred on 12-29-2020 at Decatur. I see that you have reached out to Governor J. B. Pritzker and Lt. Governor Julianna Stratton outlining your concerns at Decatur and wanting them to open an external investigation. They forwarded your letter to our legislative affairs department and they have been in contact with Logan and Decatur regarding your allegations of harassment and abuse. At this time, it is an open case and further investigation is needed.

I see that you continue to do your part to seek opportunities to improve yourself and excel to assist others.  Please be assured that all the allegations are being taken seriously and will be addressed accordingly.  As I have said before, change does take time, so continue on your path and being a role model to others.

Again, thank you for reaching out to me and bringing attention to issues within the facility and some of the challenges you have faced while being incarcerated at Decatur and Logan.   Please do not hesitate to contact me with any further concerns or issues you may have.  I will always listen and work to find a solution to your request.

Respectfully,

Rob Jeffreys
Director
IDOC

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



JB Pritzker
Governor

Rob Jeffreys
Acting Director

### The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

March 1, 2021

Sharonda Miller, R84628
Logan Correctional Center
P.O. Box 1000
Lincoln, IL 62656

Re:      Freedom of Information Request #210223180

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested the Administrative Directives or Department Rules of officer's entrance to female offender's cells.  Rules and/or guidelines.

<u>Response:</u>      IDOC does not possess or maintain records responsive to this request.

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General.  5 ILCS 140/9.5(a).  You can file your request for review with the PAC to:

> Public Access Counselor
> Office of the Attorney General
> 500 South 2nd Street
> Springfield, Illinois 62706

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)).  Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

Sincerely,
Maggie Meikle
Freedom of Information Officer

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

J.B. Pritzker
Governor

Rob Jeffreys
Acting Director



The Illino                    :orrections

1301 Concordia Court, P.O. Box 19277 • S                    77 • (217) 558-2200 TDD: (800) 526-0844

June 3, 2021

Sharonda Miller
Register No. R84628
Logan Correctional Center

Dear Ms. Miller:

This is in response to your grievance received on May 28, 2021, regarding a disciplinary report dated December 29, 2020, which was alleged to have occurred at Decatur Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your grievance regarding the above issued report.

Grievances dated 1/17/21 (Exhibit D), Grievance dated 3/14/21, a resubmitted Grievance dated 5/25/21, ODR dated 12/29/20, Final Adjustment Committee report, heared 1/7/21 and attached correspondence were all reviewed.

This office reviewed the report and final Adjustment Committee Summary (202001369/1-DCT).

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the grievance be Mixed. The use of restraints, staff assignments and/or discipline is an administrative decision. This office is unable to substantiate a staff misconduct. However, the 12/29/2020 incident #202001369/1-DCT shall be expunged. The Adjustment Committee report failed to provide any reason for exclusion of requested witnesses, as required and failed to give factual specifics in its Basis for Decision, substantiating a guilty conclusion. Therefore, this disciplinary report shall be expunged from offender's record.

FOR THE BOARD: _____

Adewale Kuforiji
Administrative Review Board
Offender Grievance Office

**I concur. The charges of 206, 215 & 304 are to be dismissed in the above cited report/summary.**

_____
Rob Jeffreys
Acting Director

cc:   Warden, Logan Correctional Center, Warden Decatur CC
      Adjustment Committee, Logan Correctional Center
      Record Office, Logan Correctional Center
      Sharonda Miller, Register No. R84628

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Last Name: *Miller*   First Name: *Sharonda*   MI: ___   ID#: *R84628*

**Facility:** *Logan*

☐ Grievance: Facility Grievance # (if applicable) *5.56.21* Dated: *6/3/21*   or ☐ Correspondence: Dated: _____

Received: *6/23/21* Regarding: *pain medication for shoulder injury*

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☐ No justification provided for additional consideration.

**Other** (specify): *Grievance fails to meet DR504.810.*

Completed by: Debbie Knauer   Signature: *Debbie Knauer*   Date: *7/8/21*
Print Name

Distribution:   Offender                        *Printed on Recycled Paper*                        DOC 0070 (Rev. 3/2018)
Inmate Issues