UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARONDA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2189- JBM |
| | ) |
| WARDEN BUTLER-JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, alleges that she was subjected to the unconstitutional use of force, failure to intervene, retaliation, violations of due process, and deliberate indifference to a serious medical need at the Logan Correctional Center ("Logan"). The Court notes that Plaintiff has characterized her complaint as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, Plaintiff names 13 individual Defendants who are employed by IDOC, an agency of the State of Illinois. *See Bradford v. Kramer*, No. 15-01405, 2016 WL 1730603, at *2 (S.D. Ill. May 2, 2016) (*Bivens* is applied against federal actors while 42 U.S.C. § 1983 is applied against state actors for violation of federal rights). The complaint here was reviewed as arising under § 1983.

The complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-

1

unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

Plaintiff complains that on an unidentified date, Defendant Officer Freed purposefully placed her in a cell with a COVID-infected inmate. Plaintiff subsequently submitted to COVID testing and, on December 29, 2020, was seated on a chair in her cell, questioning a nurse about the test. Defendant Officer Freed believed Plaintiff was harassing the nurse and told Plaintiff to direct the questions to her lawyer. Plaintiff told Defendant that she was not talking to him and turned her back. Defendant angrily entered the cell, almost knocking Plaintiff off the chair. Defendant handcuffed Plaintiff and threw her into the sink where she struck her head. Defendant subsequently attempted to lift Plaintiff from the floor pulling her handcuffed arms in an upward direction.

Plaintiff alleges that Defendant used excessive force against her and placed her with a COVID-infected cellmate in retaliation for her having filed a grievance against him 30 days prior. Plaintiff alleges that Defendant Officers Long, Stapleton and Anderson witnessed the entire incident but failed to intervene. Plaintiff alleges that she reported the matter to Defendants Warden Butler-Jones, Warden Gray, and Internal Affairs Officers Kirchoff and Wendell, but they failed to investigate it.

Defendant Freed subsequently issued Plaintiff a disciplinary report which Plaintiff claims was "false," as it charged Plaintiff with attempting to assault and threaten Defendant Freed. The matter went to a hearing before Adjustment Committee members Defendants Jill Jones and Dyana Behrends. Plaintiff complains that the hearing was deficient as Defendants Jones and Behrends did not call the witnesses she had identified and found her guilty of the offense. This

finding was signed-off by Warden Butler-Jones whom Plaintiff also names in the due process violation.

Plaintiff was sentenced to 28 days in segregation where she did not have telephone, commissary, email, or video visiting privileges. The conviction was later expunged due to the Adjustment Committee's failure to identify the reason for excluding the witnesses and failure to provide "factual specifics" in its Basis for Decision. Plaintiff notes that IDOC Director Jeffreys approved the expungement, but criticizes him for not having charged Defendant Freed with misconduct.

Plaintiff also makes the unrelated claims that Defendants Dr. Psang and Nurse Fusch were deliberately indifferent to her right shoulder stiffness, numbness, and pain, and that Dr. Psang was deliberately indifferent in failing to order an MRI. Plaintiff requests money damages for mental, psychological, and physical injury as well as various forms of injunctive relief, including that Defendants be removed from their positions.

**ANALYSIS**

Here, Plaintiff pleads that, without provocation, Defendant Freed threw her into the sink causing her to strike her head, and pulled upward on her arms which were cuffed behind her back. This is sufficient to state an excessive force claim where the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). While Plaintiff does not allege a particular injury, if no force is necessary, even a *de minimis* injury may be actionable. *Reid v. Melvin*, 695 Fed. Appx. 982, 983-84 (7th Cir. 2017); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (a plaintiff may state a claim even with minimal injury if defendant used force maliciously).

Plaintiff also states a claim against Defendants Long, Stapleton and Anderson for failing to intervene. This is so, as, Plaintiff alleges that the three Defendants observed the entire incident and did not step in to prevent the harm. *See Bey v. Pollard*, No. 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014). "The Seventh Circuit has recognized that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so, he may be held liable." *See also*, *Lewis v. Downey,* 581 F.3d 467, 472 (7th Cir. 2009).

Plaintiff also successfully pleads that Defendant Freed purposefully placed her with a COVID-infected inmate and exerted excessive force against her in retaliation for her protected activity, filing a grievance against him. See *Babcock v. White,* 102 F.3d 267, 276 (7th Cir.1996) (prisoners have a right to complain of prison conditions and may not be retaliated against for exercising that right).

The Court now considers Plaintiff's Fourteenth Amendment due process claims. Plaintiff pleads that Defendant Freed filed a false report against her; and that she was convicted at an Adjustment Committee hearing without due process, notably the right to have witnesses testify on her behalf. As noted, the Adjustment Committee findings were overturned, in part, on this issue. Where the underlying offense is expunged, a plaintiff might well be foreclosed from asserting a due process claim. *See Sanchez v. Godinez*, No. 14-275, 2014 WL 1097435 at *2 (S.D. Ill. March 20, 2014) ( as a result of the expungement, "Plaintiff ultimately received the process to which he was due…") This is not the case, however, where the expungement comes too late to safeguard a protected liberty interest. *See Williams v. Brown*, 849 Fed. Appx. 154, 156 (7th Cir. 2021).

4

A protected liberty interest is implicated if, as a result of the disciplinary conviction, the prisoner's sentence is increased, as in the loss of good time credit, or where he is subjected to "atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Connor,* 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997). Merely placing a prisoner in segregation does not amount to an atypical or significant change in circumstances. *Lekas v. Briley*, 405 F.3d 602, 607–11 (7th Cir. 2005). *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) ("a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh.") (citing *Whitford v. Boglino*, 63 F. 3d 527, 533 (7th Cir. 1995)).

Here, Plaintiff does not allege a loss of good time credits or plead that she was held under atypical conditions. She pleads only that she was held in segregation for 28 days and lost certain privileges. This is not enough to state a due process claim. *See Lekas*, 405 F.3d 610, 613 (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests). *See Williams*, 849 Fed. Appx. at 156 (only lengthy period of segregation and harsh conditions will violate due process.) *See id.* at 157 (even though the offense was expunged, plaintiff stated a due process claim where he spent eight months in segregation in conditions which "put his life and health at risk.") Plaintiff fails to plead a colorable claim here and the due process claim is DISMISSED as to Defendants Butler-Jones, Jones and Behrends.

Plaintiff alleges that Defendants Butler-Jones, Gray, Kirchoff and Wendell failed to investigate her claims and that Defendant Jeffreys failed to charge Defendant Freed. Allegations of an inadequate investigation do not, however, state a constitutional violation. *Ford v. Page*,

169 F. Supp. 2d 831, 840–41 (N.D. Ill. 2001) *citing Hanrahan v. Lane,* 747 F.2d 1137, 1142 (7th Cir.1984); *McDonald v. State of Illinois,* 557 F.2d 596 (7th Cir.), *cert. denied,* 434 U.S. 966 (1977). This claim DISMISSED as to Defendants Butler-Jones, Gray, Kirchoff and Wendell.

Plaintiff's claim against Defendant Jeffreys is also dismissed as Plaintiff has no constitutionally protected right to have another individual charged. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Stingley v. Chisholm,* 805 Fed. Appx. 436, 437 (7th Cir. 2020) (internal citation omitted); *Felder v. Parke*, 17 Fed. Appx. 410, 413 (7th Cir. 2001).

Plaintiff's complaints against Defendants Dr. Psang and Nurse Fusch are unrelated to the others and are dismissed for misjoinder. *See Miller v. Simon,* No. 20-00448, 2021 WL 5163142, at *4 (S.D. Ill. Nov. 5, 2021) (internal citations omitted). "Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Therefore, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all."

Plaintiff may proceed with his First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Freed, as well as the claim that Defendants Long, Anderson and Stapleton had an opportunity and failed to intervene. Plaintiff's due process claims regarding the hearing and alleged failure to investigate are DISMISSED with the result that Defendants Butler-Jones, Gray, Jones, Behrends, Kirchoff and Wendell are DISMISSED. Defendant Jeffreys is also DISMISSED as Plaintiff's attempt to hold him liable for not charging an officer fails to state a cognizable constitutional claim.

Plaintiff's deliberate indifference claims against Defendants Psang and Fusch are dismissed for misjoinder, without prejudice to Plaintiff reasserting them in a new case where she will have responsibility for the additional filing fee.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force and retaliation claims against Defendant Freed, and the failure to intervene claims against Defendants Long, Anderson and Stapleton. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Jeffreys, Butler-Jones, Gray, Kirchoff, Wendell, Behrends, Jones, Fusch and Psang are DISMISSED.

2. Plaintiff files [7] a motion for recruitment of *pro bono* counsel, asserting that she has contacted two attorneys' offices and has received one response, denying the representation. Plaintiff does not indicate when these letters were sent and does not provide copies of the letters. The Court finds that this is insufficient to establish that Plaintiff made sufficient efforts to obtain counsel on her own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [7] is DENIED. If Plaintiff renews her motion, she is to provide copies of the letters he has sent to, and received from, prospective counsel.

3. Plaintiff's initial motion for leave to proceed in forma pauperis [ECF 5], had been denied as Plaintiff's prison trust fund ledgers documented that she had sufficient funds with which to pay the filing fee. Plaintiff has subsequently filed [ECF 8], a letter requesting that she be allowed to make installment payments. Plaintiff has also filed [ECF 9], a successive petition

7

to proceed in forma pauperis. In the interim, however, Plaintiff has paid the full filing fee. Accordingly, [ECF 8] and [ECF 9] are rendered MOOT. Plaintiff is advised that in the future, if she seeks relief of this Court, she is to file it in the form of a motion not a letter.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

      8.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

      9.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

      10.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

  1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

  2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

  3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT

FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


|   11/15/2021   |   s/Joe Billy McDade   |
|---|---|
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |