UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARONDA MILLER, | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2189- JBM |
| PATRICK FREED, *et al.*, | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT**

Plaintiff, proceeding *pro se* and incarcerated at Logan Correctional Center, files a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights at Decatur Correctional Center. (Doc. 46). Plaintiff's Second Amended Complaint is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**MATERIAL FACTS**

Plaintiff alleges that while at Decatur on November 23, 2020, Defendant Patrick Freed, through force and threats, ordered that she be placed in cell F119 with inmate Rachael Reese, who was infected with COVID-19. Plaintiff does not elaborate about the alleged force he used or the threats he made. Plaintiff states that she filed a grievance against Defendant Freed for allegedly

1

forcing her to reside in the same cell as another inmate who had COVID-19, even though Plaintiff had not tested positive for COVID-19.

Plaintiff alleges that Nurse Fronville, who is not named as a Defendant, and Defendant Freed came to her cell to pass out medication on December 29, 2020. At this time, Plaintiff was seated in a chair in the doorway of her cell. Plaintiff asked Nurse Fronville about her COVID test results from November. Plaintiff alleges that Defendant Freed belligerently interjected and ordered Plaintiff to quit harassing Nurse Fronville about the test results. Plaintiff told Defendant Freed that she was not talking to him. Defendant Freed then burst into Plaintiff's cell with such force that the cell door hit Plaintiff in the arm and uprooted her out of the chair. Defendant Freed struck Plaintiff with door. Defendant Freed ordered Plaintiff to cuff up, and she complied. Then, Defendant Freed ordered Plaintiff to put on a mask, but Plaintiff told him she was unable to because she was wearing handcuffs. Plaintiff claims that Defendant Freed continued to order her to put on a mask while yanking on the cuffs. Plaintiff's cellmate and Defendant Lissa Anderson, a correctional officer, helped Plaintiff put on a mask.

As Plaintiff began to exit the cell, Defendant Freed allegedly yanked her back into the cell, threw her into the sink, kneed her in the back, flung her into the chair, and threw her violently onto the floor while screaming "put it on," "get down," and "get up." She claims that Defendant Freed attempted to break her wrists and arms while standing overhead yanking on the cuffs, pulling them over her back toward her head. Plaintiff alleges that yanking on the handcuffs caused her severe pain and fractured her left wrist.

Plaintiff alleges that Defendant Freed used excessive force against her in retaliation for filing a grievance against him for forcing her to share a cell with an inmate who had COVID-19.

Plaintiff alleges that Defendants Korte Long, Robert Stapleton, and Lissa Anderson, correctional officers at Decatur, were present and witnessed the assault but failed to intervene.

Lieutenant Wilson and Major Snyder, who are not named as Defendants, escorted Plaintiff to the healthcare unit to assess her injuries.

Plaintiff asserts that the Illinois Department of Corrections ("IDOC") is liable for its policies related to the use of restraints in prison settings and the custom of "using a knee behind an offender's knee to place one onto the floor." *Id.* at 5. She also claims the IDOC is liable based upon the lack of a policy regarding male officers entering the cells of female offenders where there are no cameras to view the interactions.

## ANALYSIS

As to the claim of excessive force against Defendant Freed, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). Based on Plaintiff's allegations regarding the incident on December 29, 2020, the Court finds that Plaintiff has stated a claim of excessive force against Defendant Freed.

Plaintiff also states a claim against Defendants Long, Stapleton, and Anderson for failing to intervene during the incident between Plaintiff and Defendant Freed on December 29, 2020. Plaintiff alleges that Defendants observed the entire incident and did not step in to prevent the harm. *See Bey v. Pollard*, No. 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). A failure to intervene claim requires evidence of the following: (i) defendant knew of the unconstitutional conduct; (ii) defendant had a realistic opportunity to prevent the harm; (iii) defendant failed to take reasonable steps to prevent the harm; and (iv) plaintiff suffered harm as a result. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). "The Seventh Circuit has recognized that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so, he may be held liable." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). The allegations considered in the most favorable light are sufficient to survive dismissal but in no way imply that they will be found sufficient to survive a motion for summary judgment or at trial once discovery ensues and more details surrounding the incident are revealed. This is particularly the case with reference to the failure to intervene claim. Discovery will elaborate on and provide factual details to allow a finding of whether Defendants had a realistic opportunity to intervene in the assault by Defendant Freed.

Plaintiff also alleges that Defendant Freed retaliated against her by using excessive force because she filed a grievance against him for placing her with the COVID-infected inmate. *See Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996) (prisoners have a right to complain of prison conditions and may not be retaliated against for exercising that right). The Court finds that Plaintiff has stated a First Amendment retaliation claim against Defendant Freed.

Finally, Plaintiff alleges that the IDOC is liable based on certain policies, or the lack thereof. The Eleventh Amendment bars Plaintiff's claim for damages against the IDOC, as the

4

IDOC is not a "person" amenable to suit under § 1983. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Veal v. Illinois Dep't of Corr.*, No. 18-CV-0621-MJR, 2018 WL 3009265, at *2 (S.D. Ill. June 15, 2018). Therefore, the IDOC is dismissed from this action with prejudice.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the Eighth Amendment excessive force claim and the First Amendment retaliation claim against Defendant Freed, as well as the claim that Defendants Long, Anderson, and Stapleton failed to intervene. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The IDOC is DISMISSED with prejudice.

3. As Defendants Freed, Long, Anderson, and Stapleton have already appeared and answered, no waivers need to be issued. (See Docs. [21] and [24]).

4. The deadlines for discovery and dispositive motions were previously stayed pending the Court's Merit Review of Plaintiff's Second Amended Complaint. (See Doc. [45]). Discovery now closes on September 1, 2023. Summary judgment motions are due on October 2, 2023.

5. Plaintiff shall immediately inform the Court, in writing, of any change in her mailing address and phone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

| 2/28/2023 | s/Joe Billy McDade |
|---|---|
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |