IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARONDA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 21-cv-2189 |
| | ) |
| PATRICK FREED, and others, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed a renewed Motion to Request Counsel, Doc. 50. For the reasons stated herein, Plaintiff's motion is DENIED.

The Court cannot order an attorney to accept *pro bono* appointment on a civil case but can instead only request an attorney represent an indigent party. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In determining whether to seek volunteer counsel in a civil case, the Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it themselves. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022), citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

> "[L]egal time is scarce," and "[w]hen we compel a judge to divert the resources of the bar to weak claims ... we reduce the likelihood that other persons will receive adequate legal assistance." *Eagan v. Dempsey*, 987 F.3d 667, 699–700 (7th Cir. 2021) (Easterbrook, J., dissenting in part). And even when pro bono attorney resources are devoted to litigating meritorious pro se claims, the ask from the court is significant: "[e]ven with donated lawyer time and talent," the out-of-pocket costs involved in necessary tasks such as taking depositions and procuring expert testimony can "easily surpass" the plaintiff's realistic prospect

>for damages. *McCaa I*, 893 F.3d at 1036 (Hamilton, J., concurring); see also *Cole*, 265 F. Supp. 3d at 901 (Griesbach, J.) (explaining that, for certain types of cases, "[t]he time and money it would take to represent a plaintiff ... is beyond what courts can reasonably expect a law firm to expend without any hope of recovery"). As such, we wholly agree with Judge Griesbach's observation that the reasonable course of action is for district courts to engage in "closer scrutiny ... of the merits and what is at stake in a case before a judge uses [their] office to recruit a 'volunteer' attorney to represent the plaintiff." *Cole*, 265 F. Supp. 3d at 900.

*Watts*, 42 F.4th at 763–64.

Plaintiff's first Motion to Request Counsel (Doc. 7) was denied on November 15, 2021, because Plaintiff indicated she had only contacted two attorneys seeking representation and had not substantiated even that attempt with documentation. The Court found that attempt insufficient to show a reasonable attempt to obtain counsel without court assistance. Plaintiff's second Motion to Request Counsel (Doc. 14) was denied for the same reason on January 18, 2022.

Plaintiff's third Motion to Request Counsel (Doc. 30) was denied too. The Court found Plaintiff had made a sufficient attempt to secure counsel but found that based on the clarity of her pleadings and the non-complex nature of her excessive force and failure to intervene claims, she was competent to litigate the case without counsel.

Plaintiff has now again moved for appointment of counsel.

Plaintiff's arguments in her renewed motion are that 1) she cannot subpoena witnesses without running afoul of IDOC rules, 2) she cannot possess a video recording device without running afoul of IDOC rules, 3) she lacks law library access, and 4) development of the case, including medical evidence of her injuries, will in general be better accomplished by a lawyer.

While IDOC rules may prevent Plaintiff from maintaining contact with former inmates, Plaintiff may obtain testimony at trial from such witnesses through subpoenas issued by the Court. Plaintiff remains responsible for identifying the location of the witness and paying mileage fees to witnesses, and while this is certainly a challenge, it is simply a requirement of litigating a case. Plaintiff chose to pursue this lawsuit as is her right. However, she does not have a right to the assistance of an attorney in pursuing it.

To the extent video evidence exists in this case, defense counsel will arrange for Plaintiff to view it. The fact that she cannot possess a video recording device does not prejudice her ability to view video evidence, take notes as necessary, and deal with the video testimony in her pleadings.

The fact that a case includes medical issues or may entail expert testimony does not entitle a *pro se* litigant to counsel. *Walker v. Price*, 900 F.3d 933, 940 (7th Cir. 2018). While a lawyer is certain to improve a plaintiff's chance of success in nearly any case, and particularly in a case involving medical issues, *Eagan v. Dempsey*, 987 F.3d 667, 683 (7th Cir. 2021), no pleading filed to-date has relied upon expert testimony. And here, Plaintiff is not pursuing a claim related to medical care, but rather is pursuing a claim for excessive force and failure to intervene, all of which she has personal knowledge. On the present record, this Court finds Plaintiff is able litigate on her own behalf.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel [50] is DENIED.

2. Defendants' Motion for Extension of Time to Complete Discovery [52] is

GRANTED. Discovery extended through 1/9/24 to complete Plaintiff's deposition. Dispositive motions due 2/9/24. Further requests for extension of time will be disfavored.

Entered this 2nd day of November, 2023.

**s/ Joe Billy McDade**
Joe Billy McDade
U.S. DISTRICT JUDGE
